[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10056
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-02847-MSS-MAP

ALLENA BURGE SMILEY,
D.M.D.,

                                                    Plaintiff-Appellant,

versus

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,
d.b.a. The Hartford,
SMILE BRANDS, INC.,
d.b.a. Valley Forge Dental of Florida, P.A.,
d.b.a. Bright Now! Dental,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 17, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Allena Smiley appeals the district court's order granting summary judgment in favor of Defendants Hartford Life and Accident Insurance Company ("Hartford") and Smile Brands, Inc. ("Smile Brands") on Smiley's claims for statutory penalties and attorney's fees pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Generally, we review questions of law, including orders on summary judgment, de novo. Byars v. Coca-Cola Co., 517 F.3d 1256, 1263 (11th Cir. 2008). However, we review a district court's decision whether to impose statutory penalties and attorney's fees under ERISA for an abuse of discretion. Id. at 1263, 1269. Finding no error, we affirm.

ERISA authorizes district courts to impose a daily penalty upon any plan administrator that "fails or refuses to comply with a request for information which such administrator is required . . . to supply to a participant or a beneficiary." 29 U.S.C. § 1332(c)(1). Specifically, ERISA requires a plan administrator to furnish the following upon request: "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established and operated." 29 U.S.C. § 1024(b)(4). A plan administrator is either "the person specifically so designated by the terms of the instrument under which the plan is operated," 29 U.S.C. § 1002(16)(A)(i), or a company acting as a plan

2

administrator, see Hunt v. Hawthorne Assocs., Inc., 119 F.3d 888, 915 (11th Cir. 1997).

First, the district court correctly concluded that Hartford, a third-party claims administrator, was not the plan administrator and therefore not subject to statutory penalties under § 1132(c)(1). Smile Brands' Long Term Disability Plan ("the Plan") expressly identified Smile Brands as the plan administrator. Further, Hartford was not the de facto administrator. We have consistently rejected the use of the de facto plan administrator doctrine "where a plaintiff has sought to hold a third-party administrative services provider liable, rather than the employer . . . ." Oliver v. Coca Cola Co., 497 F.3d 1181, 1194 (11th Cir. 2007), reh'g granted, opinion vacated in part on other grounds, 506 F.3d 1316 (11th Cir. 2007) and adhered to in part on reh'g sub nom., 546 F.3d 1353 (11th Cir. 2008). As in Oliver, the record demonstrates that Smile Brands retained the authority to make final decisions on appeal from the claims administrator, Hartford. See id. at 1195. Thus, Hartford was not the plan administrator, either in name or in fact, and was not liable for failing to furnish Smiley with certain Plan documents.

Second, the district court did not abuse its discretion in refusing to impose statutory penalties on Smile Brands. The disclosure penalty provision of § 1132(c) "is meant to be in the nature of punitive damages, designed more for the purpose of punishing the violator than compensating the participant or beneficiary." Scott v.

3

Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1232 (11th Cir. 2002).  As the district court concluded, the facts of this case do not warrant punishing Smile Brands because it did not refuse or fail to provide Smiley with the Plan documents.

Smiley contacted Smile Brands and received the relevant Plan documents no later than February 29, 2012.  When Smiley's benefits were subsequently terminated, she again requested the documents, but this time she directed her request to Hartford, which in turn provided an outdated address for Smile Brands. The same outdated address is listed in the Plan documents.  Notwithstanding the fact that counsel for Dr. Smiley had several times successfully contacted Smile Brands at its correct, Irvine, California address, Smiley sought to obtain Plan documents this second time from Smile Brands by letter addressed to the outdated Santa Ana, California address listed in the summary plan description.  The letter was returned as undeliverable.  Accordingly, Smile Brands had no knowledge that Smiley was attempting to obtain the same Plan documents until it was served with Smiley's amended complaint on February 11, 2014.

In sum, there is no evidence that Smile Brands refused or failed to provide Smiley with the relevant documents, which were already in her possession.  Given these facts, we cannot say that the district court abused its discretion in denying disclosure penalties, and Smiley has not proffered any case law that suggests otherwise.  In addition, the district court did not err in considering, in part, the

4

absence of prejudice, bad faith, and harm to Smiley in determining whether to exercise its discretion.  Although a plaintiff need not demonstrate any of the forgoing to obtain § 1132(c) penalties, a court may consider those factors, among others, in making its determination.  See Byars, 517 F.3d at 1271; Daughtrey v. Honeywell, Inc., 3 F.3d 1488, 1494 (11th Cir. 1993).

Finally, because Smiley failed to obtain any success on the merits of her claims against Hartford or Smile Brands, she is not entitled to attorney's fees under 29 U.S.C. § 1132(g).  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255, 130 S.Ct. 2149, 2158 (2010) (requiring a claimant to show "some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)" (internal quotation omitted)).

AFFIRMED.